```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/28/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------
CIARA NOAKES, on behalf of herself and a
class of all others similarly situated,

                        Plaintiff,

    -against-                              24 Civ. 2735 (AT)

L'OREAL USA, INC.,

                        Defendant.
--------------------------------------------------------------
LATIFAH ABEDNEGO, individually and on
behalf of all others similarly situated,

                        Plaintiff,

    -against-                              24 Civ. 3998 (AT)

L'OREAL USA, INC.,

                        Defendant.
--------------------------------------------------------------
LUCINDA O'DEA, individually and on behalf of
all others similarly situated,

                        Plaintiff,

    -against-                              24 Civ. 8352 (AT)

L'OREAL, USA,

                        Defendant.
--------------------------------------------------------------
HOLLY GROSSENBACHER, individually and
on behalf of all others similarly situated,

                        Plaintiff,

    -against-                              25 Civ. 1497 (AT)

L'ORÉAL USA, INC.,

                        Defendant.
--------------------------------------------------------------

| | |
|---|---|
| ELLEN PAINTER and ROBERT HIGHTOWER, Individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> -against- <br><br> L'ORÉAL USA, INC., <br><br> Defendant. | 25 Civ. 3137 (AT) |
| JENNIFER SNOW on behalf of herself, and all others similarly situated, and the general public, <br><br> Plaintiff, <br><br> -against- <br><br> L'OREAL USA, INC. and DOES 1 to 50, Inclusive, <br><br> Defendant. | 25 Civ. 3583 (AT) <br><br> **ORDER** |

ANALISA TORRES, District Judge:

By order dated May 7, 2025, the Court informed the parties that it intends to consolidate these six related actions and gave the parties until May 21 to register any opposition. ECF No. 39 in 24 Civ. 2735. Having received none, the Court CONSOLIDATES these actions under the caption *In re L'Oréal Benzoyl Peroxide Products Litigation*, No. 24 Civ. 2735. *See* Fed. R. Civ. P. 42(a)(2) (permitting a court to consolidate actions involving a common question of law or fact); *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007) (noting that lack of opposition supports a decision to consolidate).

On May 21, 2025, Plaintiffs Holly Grossenbacher, Ellen Painter, and Robert Hightower ("Moving Plaintiffs") moved for an order appointing Aylstock, Witkin, Kreis & Overholtz, PLLC ("AWKO") and Bursor and Fisher, P.A. ("Bursor") as interim co-lead counsel on behalf of the proposed classes. Mot. at 1, ECF No. 63 in 25 Civ. 3137. Moving Plaintiffs represent that they have conferred with counsel for the putative class representatives named in the now-consolidated actions and that no party objects to their proposed leadership structure. *Id.* at 1–2.

Federal Rule of Civil Procedure 23(g)(3) provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." When appointing interim class counsel, a court looks to the same factors it would use to determine the adequacy of class counsel under Rule 23(g)(1)(A). *Buonasera v. Honest Co., Inc.*, 318 F.R.D. 17, 18 (S.D.N.Y. 2016). These factors are: (1) "the work counsel has done in identifying or investigating potential claims in the action," (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action,"

2

(3) "counsel's knowledge of the applicable law," and (4) "the resources the counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A).

The Court finds that all four factors favor appointment of AWKO and Bursor as interim co-lead counsel. Moving Plaintiffs represent that both firms have invested substantial time and resources in pre-filing investigation and development of legal theories, and the firms filed three of the earliest actions in this consolidated matter. Mot. at 3–4, 8–9; ECF No. 63-1 at 7 in 25 Civ. 3137; ECF No. 63-2 ¶¶ 3–5 in 25 Civ. 3137. Both AWKO and Bursor have extensive experience litigating complex class actions, including those involving consumer products liability. *See* Mot. at 9–10; ECF No. 63-1 at 3–7 in 25 Civ. 3137; ECF No. 63-2, Ex. 1 in 25 Civ. 3137. The firms each have over 25 attorneys, and they assert that they will both "expend the financial and manpower resources necessary to prosecute this litigation on behalf of the proposed class." Mot. at 12. Accordingly, AWKO and Bursor are APPOINTED interim co-lead counsel. *See Delre v. Perry*, 288 F.R.D. 241, 248 (E.D.N.Y. 2012); *City of Providence v. AbbVie Inc.*, Nos. 20 Civ. 5538 et al., 2020 WL 6049139, at *8 (S.D.N.Y. Oct. 13, 2020).

By **June 27, 2025**, the parties shall submit a jointly proposed case management plan and scheduling order, as described in the Court's order at ECF No. 7 in 24 Civ. 2735.

The Clerk of Court is respectfully directed to terminate the motions at ECF No. 63 in 25 Civ. 3137 and ECF No. 43 in 25 Civ. 1497.

SO ORDERED.

Dated: May 28, 2025
New York, New York

_____
ANALISA TORRES
United States District Judge